JAMES POINTER ET UX *v.* JOHN B. CASSADY.

Executors and Administrators—Time to Pay Debts—Presumption as to Use of Money.

At the expiration of two years from the date of the qualification of an administrator, the law presumes he will have had time to have paid the debts and be ready to make distribution, and from that time will be presumed to have used the money.

Dower—Improvements After Contract to Purchase Annulled—Pending of Suit to Settle Estate.

It was erroneous to allow a credit for improvements, as this suit was not only then pending, but the contract for the purchase of the dower interest in the land had been rescinded. Appellee made the improvement after this suit was pending and the contract annulled. Held, that he has no right to compensation therefor.

APPEAL FROM METCALF CIRCUIT COURT.

February 18, 1870.

OPINION OF THE COURT BY JUDGE PETERS:

The relation of appellee to appellants forbids his entering into any negotiation, and trade with them for the estate which he as administrator of his intestate had, to pay debts of and then to the distibutee, and the deed should have been set aside on that ground, if the other had not existed.

Intestate died and letters of administration were granted on his estate to appellee, as is charged and denied, in 1860, but what month of that year does not appear.

At the expiration of two years from the date of his qualification,

the law presumes he will have had time to have paid the debts and be ready to make distribution to those entitled to receive the surplus in his hands, and from that time he will be presumed to have used the money, if he fails to settle and pay over.

It is charged, and not denied by him, that appellee made no settlement at all, although it is apparent from the master's report that there was nothing to have prevented or delayed a settlement.

The report of the master and the judgment are, therefore, palpably erroneous and prejudicial to appellants, in charging them with interest on all payments to them from the respective dates thereof and allowing interest to appellants on $1,634.43, the amount of the distributive shares of the personal estate for only two years from October 17, 1868. It is, in effect, allowing appellee interest on appellant's money while he was using it.

The proper basis is to ascertain when appellee administered on said intestate's estate. And two years from that date charge him with $1,634.43, and then credit him by payments to appellants, and if any were paid before the expiration of two years from the date of the grant, allow him interest from date of payment on the sums paid to the expiration of the grant of letters of administration—and then calculate interest on balance to date of next payment.

As to rent of dower land, the rents are properly charged according to the proof, but there are errors in the credits. It was erroneous to allow the item of $110 as a credit for improvements for the year 1868. This suit was not only then pending, but as early as the 9th of June, 1868, the contract for the purchase of the dower interest in the land had been rescinded, and if appellee improved it after the suit was pending and the contract annulled, he has no right to compensation therefor. He did it in his own wrong, and this is the more just, as the deed bears date in the spring of 1863, when he doubtless took possession, and he is not charged with rents till 1865. In the judgment appellee is allowed a credit for $30 for improvements, when the witnesses prove that they paid him $92 cash rent and $30 in improvements for 1865. And the commissioner charges appellee with $122.00 for the rent for that year, and credited him by the $30 for the improvements, and then in the judgment he gets credit again for $30, by which he makes $30 clear, and then sets off the improve-

ments against rents for 1869, when he was improving lands which he knew did not belong to him, against, or certainly without, the consent of the owner.

And as he failed to settle his accounts in proper time he must pay the cost of this litigation.

Wherefore, the judgment is reversed, and the cause is remanded with directions to settle the rights of the parties as herein set forth, and for further proceedings consistent herewith.

*James,* for appellants.

*Dehoney,* for appellee.

